In the United States District Court for the Western District of Pennsylvania

| | |
|---|---|
| **Shryl Martin,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 2:17-cv-01276-DSC |
| | ) |
| **Cigna Group Insurance, American** | ) |
| **Health and Life Insurance Company,** | ) |
| **Bayview Loan Servicing, LLC,** | ) |
| | ) |
| **Defendants,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **CitiFinancial Services, Inc.,** | ) |
| | ) |
| **Additional Defendant** | ) |

### Cigna Group Insurance's Brief in Support of its
### Motion to Dismiss and to Strike Impertinent Matter from the Complaint

Defendant Cigna Group Insurance ("CGI"), which has been improperly named as a defendant,[1] files this brief in support of its contemporaneously filed Motion to Dismiss and to Strike Impertinent Matter from the Complaint. The Court should grant the Motion for the reasons set forth in this brief.

---

[1] Instead of CGI, the proper defendant in this ERISA action should be Life Insurance Company of North America ("LINA"), which underwrote the relevant policy and administered claims under that policy, including Ms. Martin's. Before filing this Motion to Dismiss, counsel for CGI and LINA repeatedly advised Ms. Martin's counsel that LINA was the proper defendant. Ms. Martin, however, has not agreed to voluntarily substitute LINA for CGI, or otherwise dismiss CGI, necessitating the filing of this Motion. The use of "CGI" in this brief is not an admission that CGI is a proper party. Rather, "CGI" is used in this brief to track the language used in the Complaint. CGI is a service mark used by LINA.

255187.2 10/09/2017

**I.      Background.**

    **A.      Procedural history.**

Plaintiff Shryl Martin ("Ms. Martin") initiated suit against Defendants CGI, American Health and Life Insurance Company ("American"), and Bayview Loan Servicing, LLC ("Bayview"), on March 27, 2017 by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania.  Ms. Martin did not file her Complaint in Allegheny County Court until September 1, 2017.  CGI was not served with a copy of the Complaint until September 14, 2017.  The case was removed to this Court on October 2, 2017, by Defendants American, Bayview, and CitiFinancial Services, Inc. ("CitiFinancial") (Doc. 1), which Ms. Martin added as a defendant in her Complaint.

    **B.      Allegations in the Complaint.[2]**

The allegations in the Complaint against CGI are sparse.  Indeed, the bulk of the Complaint comprises class-action allegations against American, Bayview, and CitiFinanical. (*See generally* Compl.).  Please note that Defendant will use "CGI" below because that is the term used by Plaintiff.  The proper party, and the only actual entity that made decisions regarding Ms. Martin's disability claim, is Life Insurance Company of North America ("LINA").  CGI should be read to say "LINA."

Ms. Martin claims that CGI is an "insurance company" located in Connecticut that "is not being named as a defendant in the [c]lass action."  (*Id.* ¶ 4.)  In fact, the only putative claim Ms. Martin brings against CGI arises under the Employee Retirement Income Security Act of 1974,

---

[2]   While the well-pleaded allegations of the Complaint must be accepted as true for purposes of this Motion, many are in dispute.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  CGI's summary of those facts, therefore, does not signify any admission of them. If needed, CGI will respond to the facts at the appropriate time.

29 U.S.C. § 101 *et seq.* ("ERISA").  (*Id.* ¶¶ 77-90.)  CGI is the only defendant subject to Ms. Martin's ERISA claim.  (*Id.*)

Ms. Martin claims that she was employed as a cashier at Aldi, Inc. and was covered under policies of short-term disability insurance and long-term disability insurance that were underwritten by CGI.  (*Id.* ¶¶ 77-78.)  Without alleging any supporting facts, Ms. Martin claims that she "became disabled on or around October 27, 2012."  (*Id.* ¶ 79.)  CGI provided Ms. Martin with benefits under a short-term disability policy of insurance from about November 29, 2012 to March 19, 2013.  (*Id.* ¶¶ 80-81.)  At that point, CGI began to evaluate Ms. Martin for benefits under the relevant policy of long-term disability insurance.  (*Id.* ¶ 81.)

CGI granted Ms. Martin benefits under the relevant policy of long-term disability insurance, as of May 2, 2013.  (*Id.* ¶ 82.)  Some unknown time later, CGI informed Ms. Martin that she was no longer eligible for long-term disability benefits.  (*Id.* ¶ 83.)  Ms. Martin appealed the termination of her benefits, and on or about May 20, 2015, CGI upheld its decision.  (*Id.*)

Ms. Martin claims that CGI's denial of long-term disability benefits "was arbitrary and capricious" because Ms. Martin believes she cannot work.  (*Id.* ¶¶ 84-87.)  Despite not including CGI in the class action, Ms. Martin seeks the following relief: "Plaintiff, the Class and Sub-Class request an award of damages as permitted by law, interest, court costs as well as an award of attorneys' fees."  (*Id.* ¶ 90.)

**II.    Questions presented.**

    A.    Should the Court dismiss Ms. Martin's claim against CGI because, as other federal courts have held, CGI is a registered service mark that lacks the capacity to be sued?

          Suggested answer:  Yes.

    B.    Should the Court dismiss Ms. Martin's claim against CGI with prejudice and not allow her to amend her Complaint because any amendment would be futile?

    Suggested answer:  Yes.

 C. In the alternative, should the Court dismiss Ms. Martin's claim against CGI because, even under liberal notice pleading, Ms. Martin has failed to plead sufficient facts to establish her right to relief?

    Suggested answer:  Yes.

 D. In the alternative, should the Court strike Ms. Martin's requested relief against CGI on behalf of "the Class and Sub-Class" because Ms. Martin has admitted that she is not naming CGI as a defendant in the class action?

    Suggested answer:  Yes.

**III.** **Analysis.**

 **A.** **CGI is a registered service mark that cannot be sued, so Ms. Martin's claim against CGI is not plausible.**

The Court may dismiss a complaint under F. R. Civ. P. 12(b)(6) where the Complaint fails "to state a claim upon which relief can be granted."  As instructed by the Supreme Court, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal v. Ashcroft*, 556 U.S. 662, 679 (2009) (citation omitted).

Ms. Martin claims that CGI is an "insurance company licensed to do business in Pennsylvania." (*Id.* ¶ 4.)  CGI is not an "insurance company," nor is it an entity licensed to do business in Pennsylvania.  Exhibit "A" to this brief shows the listing from the Pennsylvania Insurance Department of licensed insurance companies with the word "Cigna" in their names; CGI is not among those listed.  Further, Exhibit "B" to this brief shows the listing from the Pennsylvania Department of State of all business entities registered to do business in Pennsylvania with the word "Cigna" in their names; again, CGI is not among those listed.  It is appropriate for the Court to consider these exhibits in deciding this Motion because the exhibits constitute "matters of public record." *McCullough v. Advest, Inc.*, No. 17-407, 2017 WL

3675787, at *3 (W.D. Pa. Aug. 25, 2017) (internal quotation marks omitted) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

Other federal courts have recognized that CGI is not a proper party to a lawsuit because it is not a legal entity. For example, the U.S. District Court for the District of Puerto Rico held that CGI "is not a legal entity and, as such, cannot be sued." *Gonzalez-Lopez v. CIGNA Group Ins.*, 609 F. Supp. 2d 161, 164 (D.P.R. 2008). The court consequently dismissed the claim against CGI. *Id.* (citing other federal cases dismissing CGI because it was a service mark that could not be sued).

This Court should follow suit and hold that CGI is not a legal entity that can be sued. *Id.* In doing so, the Court must therefore dismiss Ms. Martin's claim as implausible and dismiss CGI from this case.[3]

### B. The Court should dismiss Ms. Martin's claim against CGI with prejudice and not allow her to file an amended complaint against CGI because any amendment would be futile.

A plaintiff whose complaint is dismissed is often allowed to amend their complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). However, if an amendment would be futile, then the complaint should be dismissed with prejudice and without leave to amend. *Id.*

Determining futility requires "the Court [to] appl[y] the same analysis that it would invoke in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Waynesborough Country Club of Chester Cnty. v. Diedrich Niles Bolton Architects, Inc.*, No. 07-155, 2011 WL 1873094, at *3 (E.D. Pa. May 17, 2011) (citing cases).

There is no possible amendment to her Complaint that could give Ms. Martin a viable claim against CGI. The same analysis requiring that Ms. Martin's claim against CGI be

---

[3] *See* note 1, *supra*.

dismissed equally applies to any claim Ms. Martin would attempt to make against CGI in an amended complaint.  *Id.*  The Court should therefore dismiss Ms. Martin's claim against CGI with prejudice and not permit her to file an amended complaint against CGI.

      **C.**      **In the alternative, the Court should dismiss the claim against CGI because it lacks sufficient detail to state a claim for which relief can be granted.**

Should the Court not dismiss this case against CGI for the reasons noted above, it still must be dismissed on its merits because it is not plausible as pled.  Evaluating the plausibility of a claim under Rule 12(b)(6) requires the Court to engage in a three-step process.  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  The first step is to outline the elements of the claim at issue.  *Id.*  The second step is to "peel away" legal conclusions, because, unlike pleaded facts, legal conclusions are not deemed to be true.  *Id.*; *see also Iqbal*, 556 U.S. at 679.  The third step requires the Court to assume the truth of the facts set forth in the complaint and "determine whether they plausibly give rise to an entitlement to relief."  *Bistrian*, 696 F.3d at 365 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679).

Here, Ms. Martin's attempt to plead claims under sections 502(a)(1)(B) and 503 of ERISA fail as a matter of law because the factual matter does not state a plausible claim under either section.

      **1.**      **Ms. Martin theory of relief under section 502(a)(1)(B) fails as a matter of law.**

ERISA section 502(a)(1)(B) is codified at 29 U.S.C. § 1132(a)(1)(B) and allows a participant or beneficiary of a plan to file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  To succeed on a claim under ERISA section 502(a)(1)(B), Ms. Martin must show that she has "a right to benefits that is legally enforceable against the plan, and

that the plan administrator improperly denied those benefits." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

When stripped of its legal conclusions against CGI, Ms. Martin's Complaint contains only the following factual allegations:

- Ms. Martin was a cashier at Aldi, Inc., and was eligible for benefits under policies of short- and long-term disability, respectively, issued by CGI (Compl. ¶ 78);

- Around March 19, 2013, CGI informed Ms. Martin that it was evaluating Ms. Martin's claim to determine whether she was entitled to long-term disability benefits (*id.* ¶ 81);

- CGI granted Ms. Martin long-term disability benefits from May 2013 to some unspecified point in the future, when CGI informed Ms. Martin that she was no longer entitled to those benefits (*id.* ¶¶ 82-83); and

- Ms. Martin appealed the termination of her benefits, which CGI denied in May 2015 (*id.* ¶ 83).

This above list does not contain every averment related to Ms. Martin's claim against CGI, but all other averments are legal conclusions and thus are properly not considered in this second part of the Third Circuit's three-step analysis. *Bistrian*, 696 F.3d at 365.  These other averments are properly left outside the Court's consideration for purposes of this Motion. *See id.*

Ms. Martin's pleaded facts do not state a claim that she is entitled to benefits under any employee-benefit plan. *See Fleisher*, 679 F.3d at 120.  There are no facts in the Complaint regarding the terms of the policy that Ms. Martin believes apply to this case. (*See generally* Compl. ¶¶ 77-90.)  Similarly, there are no allegations in the Complaint—apart from Ms. Martin's legal conclusion that she was disabled (*id.* ¶ 79)—that, if true, show that Ms. Martin met the terms of the policy and was therefore entitled to benefits. (*Id.*)  All that Ms. Martin has done is offer legal conclusions suggesting that she is entitled to relief under ERISA § 502(a)(1)(B). (*Id.*)

This is not sufficient for purposes of stating a plausible claim, and Ms. Martin's claim against CGI should therefore be dismissed.  *See Bistrian*, 696 F.3d at 365.

> **2. Ms. Martin's theory of relief under ERISA § 503 is similarly implausible.**

ERISA section 503 is codified at 29 U.S.C. § 1133.  This section requires employee benefit plans to:

> (1)  provide adequate notice in writing to any participant or beneficiary whose claim for benefits under this plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2)  afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.  This section "sets forth the basic requirements governing ERISA plans.  To that end, a plan that does not satisfy the minimum procedural requirements of § 503 and its regulations operates in violation of ERISA."  *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir. 2011).

There are no facts in the Complaint that indicate, with any specificity whatsoever, how CGI allegedly violated any procedural aspect of ERISA—or even *what* procedure Ms. Martin believes that CGI violated.  (*See generally* Compl.)  Ms. Martin's claim against CGI under ERISA § 503 must therefore be dismissed for failure to state a claim for which relief can be granted.  *See Iqbal*, 556 U.S. at 679.

> **D. In the alternative, should the Court does not dismiss Ms. Martin's ERISA claim in its entirety, Ms. Martin's requested class-action relief against CGI must be stricken because CGI is not a class-action defendant.**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  F. R. Civ. P. 12(f).  Striking material from a pleading, while rare, helps to streamline

the litigation without the need for unnecessary expense and judicial oversight, all which aid in "avoid[ing] unnecessary forays into immaterial matters." *Lubold v. Univ. Veterinary Specialists, LLC*, No. 17cv0507, 2017 WL 2834668, at *2 (W.D. Pa. Jun. 30, 2017) (internal quotation marks omitted) (quoting *Thornton v. UL Enter., LLC*, No. 09-287E, 2010 WL 1004998, at *1 (W.D. Pa. Mar. 16, 2010)).

The bulk of Ms. Martin's Complaint attempts to assert a class action against American, Bayview, and CitiFinancial.  (*See generally* Compl.)  Ms. Martin admits that "CGI is not being named as a defendant in the [c]lass action." (*Id.* ¶ 4.)  Further, Ms. Martin's allegations against CGI do not attempt to hold CGI liable to a class.  (*Id.* ¶¶ 77-89.)  Yet Ms. Martin pleads the following as her requested relief from CGI:  "Plaintiff, *the Class and Sub-Class* request an award of damages as permitted by law, interest, court costs as well as an award of attorneys' fees." (*Id.* ¶ 90 (emphasis added).)  Based on her own admission that CGI is not a class-action defendant (*id.* ¶ 4), Ms. Martin has no basis to assert that the relief sought from CGI in her ERISA action is sought on behalf of "the Class and Sub-Class" (*id.* ¶ 90).  If, for some reason, the Court does not dismiss Ms. Martin's claim against CGI in its entirety, it should at least strike her requested relief on behalf of "the Class and Sub-Class."  Doing so comports with Rule 12(f) and will avoid additional motion practice on this issue.  *See Lubold*, 2017 WL 2834668, at *2.

**IV.    Conclusion.**

The Court should grant the Motion for the reasons set forth above.  CGI is not capable of being sued and should therefore be dismissed from this case.  The Court should not permit Ms. Martin to amend her Complaint as to CGI, because any amendment would be futile. If, for some reason, the Court does not dismiss CGI from this case, it should still dismiss the sole claim arising under ERISA against CGI because Ms. Martin has failed to state a claim against CGI under ERISA for which relief can be granted.  Finally, in the event that the Court does not

dismiss Ms. Martin's claim against CGI, the Court should strike Ms. Martin's requested relief against CGI on behalf of "the Class and Sub-Class" because Ms. Martin admits that CGI is not a class-action defendant.[4]

Respectfully Submitted,

Dated:  October 9, 2017

/s/ Cory S. Winter
James A. Keller (PA78955)
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
jkeller@saul.com – (215) 972-7785

Cory S. Winter (PA306552)
Saul Ewing Arnstein & Lehr LLP
2 North 2nd Street, 7th Floor
Harrisburg, Pennsylvania 17101
cwinter@saul.com – (717) 257-7562
*Attorneys for Defendant*
*Cigna Group Insurance*

---

[4] If necessary, and at the appropriate time, CGI/LINA will move the Court under F. R. Civ. P. 21 to sever Ms. Martin's ERISA claim from this case, the balance of which is a class-action against the other defendants. The class action, comprising multiple counts, and the ERISA claim have absolutely nothing to do with each other and share no facts or legal issues.

**Certificate of Service**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing *Brief* to be served upon the following via the Court's ECF system:

David M. Kobylinski, Esquire
Praetorian Law Group, LLC
515 Court Place, Suite 4
Pittsburgh, Pennsylvania 15219
*Counsel for Plaintiff*

Joseph E. Culleiton, Esquire
Blank Rome LLP
501 Grant Street, Suite 850
Pittsburgh, Pennsylvania 15219
*Counsel for Defendant Bayview Loan Servicing, LLC*

Martin C. Bryce, Jr., Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
*Counsel for Defendants
American Health & Life Insurance Company and
CitiFinancial Services, Inc.*

Dated:  October 9, 2017                                         /s/ Cory S. Winter
                                                                Cory S. Winter