# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| SHRYL A MARTIN<br>1112 BROWNFIELD ROAD<br>UNIONTOWN PA 15401 | CITIFINANCIAL SERVICES, INC.<br>575 MORGANTOWN ROAD<br>UNIONTOWN PA 15401 | 212902 |
| | | Date of Loan<br>05/22/2009 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 11.67 % | $ 80,525.78 | $ 50,627.11 | $ 131,152.89 |

Payment Schedule:

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 1 | $ 737.76 | 07/10/2009 |
| 239 | $ 545.67 | MONTHLY BEGINNING 08/10/2009 |
| | $ | |
| | $ | |

Security: If checked, Borrower is giving a security interest in:
[X] Real Property
[ ] Mobile Home or Manufactured

Late Charge: If a payment is more than 15 days late, Borrower will be charged a late charge of the greater of $ 20.00 or 10.0 % of the payment amount

Prepayment: If Borrower pays off early, Borrower:
[X] will not [ ] may have to pay a penalty, and will not be entitled to a refund of part of the finance charge.

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

* Does not include any insurance premium.

Additional Information:

| Total amount of first month's payment including insurance premiums, if any | PRINCIPAL | APPLICATION FEE | DATE CHARGES BEGIN |
|---|---|---|---|
| $ 804.86 | $ 52,197.43 | $ 1,520.32 | 05/28/2009 |

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $ 36.80 | $438.76 | SINGLE CREDIT LIFE |
| $ 30.30 | $363.55 | SINGLE CREDIT DISAB |
| $ NONE | $ | |

First Borrower's Signature: _Sheryl Martin_   Date: 5/22/09
Second Borrower's Signature: ____   Date: ____

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:
(1) the Lender's receipt of Borrower's written request for termination;
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3) termination pursuant to the provisions of the insurance certificate;
(4) payment in full of Borrower's Loan;
(5) death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the Lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal amount shown above, plus interest on the unpaid Principal balance from the Date Charges Begin shown above at the Agreed Rate of Interest of 11.19 % per annum. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make sufficient or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan. On the N/A month anniversary of the Date of Loan shown above, the Agreed Rate of Interest shall decrease to N/A % per annum on the unpaid Principal balance until the balance is paid in full.

Any amount shown above as an Application Fee is considered a prepaid charge and is in addition to interest at the agreed rates. In the event of prepayment of the loan, this Fee will not be refundable to Borrower.

Principal and interest shall be payable in the monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments, beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines.

Borrower's Initials: _SAM_

PA 25424-14 11/2008     Original (Branch)   Copy (Customer)     Page 1 of 3

Exhibit "A"

SHRYL A MARTIN   212902     05/22/2009

Each payment shall be applied as follows: (1) monthly loan payments due (first to interest, then principal), (2) insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal. Lender may collect interest from and after maturity upon the unpaid Principal balance at either the maximum rate permitted by the then applicable law or the rate of interest prevailing under this Disclosure Statement, Note and Security Agreement.

LATE CHARGE: If any installment is paid more than 15 days after the scheduled payment date, Borrower agrees to pay a late charge of the greater of $ 20.00 or 10.0% of the installment amount. Lender may, at its option, waive any late charge or portion thereof without waiving its right to require a late charge with regard to any other late payment.

PREPAYMENT:

[X] If this box is checked, Borrower may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent scheduled payments the on the loan, but may reduce the number of such payments.

[ ] If this box is checked and Borrower prepays the entire outstanding Principal amount of this loan during the first three (3) years from the date of the loan, Lender may charge Borrower a prepayment penalty equal to a percentage of the amount prepaid as follows: for prepayment in full within one year of the date of the loan, 3%; within two years, 2%; and within three years, 1%. Upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent payments on the loan, but may reduce the number of such payments.

SECURITY: This loan is secured by a lien against the real property located at 1212 BROWNFIELD ROAD UNIONTOWN PA 15401
See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

INSURANCE: If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

LOAN CHARGES: If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

DEFAULT: Borrower will be in default if he does not make any scheduled payment on time or fails to comply with the provisions of any mortgage on the real property which secures this loan. If Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this agreement. As permitted by the Secondary Mortgage Loan Act, Borrower agrees to pay actual and reasonable attorney's fees, court costs, and other actual and reasonable costs incurred in foreclosing on the real property securing this loan. Borrower will receive written notice at least 30 days prior to foreclosure.

LAW THAT APPLIES: Pennsylvania law and federal law, as applicable, govern this Disclosure Statement, Note and Security Agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

RETURNED CHECK FEE: Lender may charge a fee, not to exceed $ 20.00 if a check, negotiable order of withdrawal or share draft is returned for insufficient funds or insufficient credit.

OTHER TERMS: Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of homestead and exemption laws now in force or later enacted, including stay of execution and condemnation, on any Property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed is unenforceable, this will not make any other part unenforceable.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

(Intentionally left blank)

Borrower's Initials: SAM

PA 25424-14 11/2008         Original (Branch)     Copy (Customer)           Page 2 of 3

Exhibit "A"

SHRYL A MARTIN                                              212902        05/22/2009

**AUTHORIZATION TO USE CREDIT REPORT:** By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following: Transaction Processing, 300 St. Paul Place, BSP13A, Baltimore, MD 21202. In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number

The following notice applies only if this box is checked.  ☐

```
┌─────────────────────────────────────────────────────────────────────────────┐
│                                    NOTICE                                    │
│  ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND   │
│  DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR      │
│  SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE      │
│  DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.              │
└─────────────────────────────────────────────────────────────────────────────┘
```

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed, and authorizes the disbursements stated therein.

WITNESSES                                         SIGNED:

_[signature]_                                     _[signature]_                    (Seal)
                                                  SHRYL A MARTIN            -Borrower

                                                  _____ (Seal)
                                                                            -Borrower

                                                  _____ (Seal)
                                                                            -Borrower

                                                  CITIFINANCIAL SERVICES, INC.

_[signature]_                                     By: _[signature]_   BAE-2
                                                  (Name and Title)    05/22/2009  16:24:24

**SECURITY INTEREST OF NONOBLIGOR:** Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal) _____    _____ (Seal) _____
Signature                         Date      Signature                         Date

PA 25421-14  11/2008        Original (Branch)    Copy (Customer)              Page 3 of 3

Exhibit "A"