UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHRYL MARTIN, | : |
|            Plaintiff, | : CIVIL ACTION |
| v. | : NO. 2:17-cv-01276-DSC |
| CIGNA GROUP INSURANCE, AMERICAN HEALTH AND LIFE INSURANCE COMPANY, BAYVIEW LOAN SERVICING, LLC and CITIFINANCIAL SERVICES, INC., | : |
|            Defendants | : |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' JOINT MOTION TO STAY DISCOVERY

Defendants CitiFinancial Services, Inc. ("CitiFinancial")[1], American Health and Life Insurance Company ("AHL"), and Bayview Loan Servicing, LLC ("Bayview") (collectively, "Defendants"), through their undersigned counsel, hereby submit this Memorandum of Law in Support of Defendants' Joint Motion to Stay Discovery.

## INTRODUCTION

Defendants respectfully move the Court to enter a stay of discovery pending resolution of these moving Defendants' respective Motions to Dismiss, which will be filed on or before January 12, 2018, pursuant to this Court's Order dated December 11, 2017 (Dkt. 34). Previously, Defendants filed Motions to Dismiss, seeking to dispose of this action in its entirety. Those motions were mooted by the filing of Plaintiff's Amended Complaint. Defendants have reviewed the Amended Complaint, which reflects a handful of new, conclusory and deficient

---

[1] The mortgage loan at issue was extended by CitiFinancial Services, Inc., a Pennsylvania corporation. On October 1, 2013, CitiFinancial Services, Inc. changed its name to CFNA Receivables (PA), LLC.

allegations, and Defendants intend to again move to dismiss the case in its entirety because the Amended Complaint also fails to state a single legally-viable claim. The Supreme Court and the Third Circuit repeatedly have held that it is appropriate to stay discovery when a Rule 12 motion calls into question the legal sufficiency of the claims set forth in the complaint. A stay is also warranted in the interest of efficiency for the Court and the parties, because the resolution of Defendants' respective Motions to Dismiss may well bring this case to an end, or at the very least, narrow the scope of Plaintiff's broad and premature discovery requests. As discussed in greater detail below, Defendants respectfully request that the Court enter an Order staying discovery in this putative class action until the Defendants' respective Motions to Dismiss are resolved.

## FACTS AND PROCEDURAL HISTORY

In this putative class action, Plaintiff Shryl Martin ("Plaintiff" or "Martin") alleges that, on May 22, 2009, she executed a mortgage in favor of CitiFinancial to secure a loan on real property. (Am. Compl. ¶ 7). In connection therewith, Plaintiff purchased Single Credit Life Insurance and Single Credit Disability Insurance (hereinafter, the "Disability Policy") from AHL. (*Id.* ¶ 8). The Application for Plaintiff's Disability Policy generally provided that, if Plaintiff became disabled while insured, AHL would pay the "lesser of [insured's] scheduled monthly [mortgage] payment" or the "Maximum Monthly Disability Benefit" provided in the policy, for a "maximum of 60 monthly payments." Plaintiff allegedly became disabled on or around October 27, 2012, at which point she tendered a claim to AHL for coverage pursuant to the Disability Policy. (*Id.* ¶ 15). The claim was approved and, thereafter, AHL made Plaintiff's mortgage payments to CitiFinancial pursuant to the terms of the Disability Policy. (*Id.*). After the mortgage was "sold and/or assigned" to Bayview "prior to September 2015," Plaintiff alleges

that Bayview demanded mortgage payments from Plaintiff even though the disability period allegedly had not expired. (*Id.* ¶¶ 19-24).

On September 1, 2017, Plaintiff filed her original Complaint in this action, purporting to state claims against CitiFinancial and AHL for breach of contract, "bad faith insurance," and alleged violations of the federal Truth-in-Lending Act ("TILA") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). With respect to Bayview, Plaintiff's original Complaint alleged the following claims: breach of contract, "bad faith insurance," defamation, and alleged violations of TILA and the Fair Credit Reporting Act ("FCRA"). On November 10, 2017, Defendants filed their respective Motions to Dismiss the Complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6).

On December 1, 2017, Plaintiff filed an Amended Complaint, adding a handful of utterly conclusory new allegations which fail to cure the inherent deficiencies in her pleading. Pursuant to its Order dated December 11, 2017, Defendants have until January 12, 2018, to respond to the Amended Complaint.

On December 11, 2017, Plaintiff served discovery, including requests for production of documents, interrogatories and requests for admission ("Discovery Requests"). Plaintiff's Discovery Requests are grossly overbroad and unduly burdensome, and are premature as they inappropriately seek substantive discovery and identifying information relating to the putative class members (defined to encompass every person that was extended an "applicable loan," from any insurer, over a 12-year time period). *See* Plaintiff's First Set of Discovery Directed to Defendants CitiFinancial and AHL, attached hereto as Exhibit A; Plaintiff's First Set of Discovery Directed to Defendant Bayview, attached hereto as Exhibit B. For example, Plaintiff's Discovery Requests seek the identity of "each person to whom you extended an

3

applicable loan from March 27, 2005 to the present date," including "the name of the credit disability insurer; the terms of the credit disability insurance; the date the person became disabled; the identity of the person to whom you sold the loan; and the terms of the underlying mortgage." *See* Exh. A at p. 4; Exh. B at p. 6. Plaintiff's Discovery Requests also seek the production of "all documents that relate to or refer to" all persons identified by Defendants during the 12-year time period covered in the aforementioned interrogatory. *See* Exh. A at p. 6; Exh. B at p. 6. With such broad and premature requests, Defendants anticipate that motions practice will occur if a discovery stay is not granted. For that additional reason, a stay of discovery is appropriate pending the outcome of the Motions to Dismiss, to avoid wasting the parties' and this Court's time and resources on claims that may be dismissed.

## ARGUMENT

The Court should enter an order staying all discovery until the Court resolves Defendants' upcoming Motions to Dismiss. The Supreme Court has repeatedly stated that it is appropriate to stay discovery when a Rule 12 motion tests the legal sufficiency of the complaint. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery..."); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989) (purpose of Rule 12(b)(6) motion is to "streamline[ ] litigation by dispensing with needless discovery and factfinding"). The Third Circuit also routinely affirms district court rulings that stay discovery pending resolution of Rule 12 motions. *See, e.g., Bush v. Dep't of Human Services,* No. 15-3016, ---Fed. Appx. ---, 2016 WL 791693 (3d Cir. Mar. 1, 2016) (citing *Chudasama v. Mazda Motor Corp.,* 123 F 3d 1353, 1367 (11th Cir. 1997) (facial challenges to legal sufficiency, such as motions to dismiss for failure to state a claim, should be resolved before discovery begins)); *Mann v. Brenner,* 375 Fed. Appx. 232, 239-40 (3d Cir. 2010) ("District Court did not abuse its discretion in staying discovery

pending resolution of the motions to dismiss") (citing *Rutman Wine Co. v. E. & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of FED. R. CIV. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.")).

Indeed, courts have held that a stay of discovery pending the resolution of dispositive motions "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy,* 84 F.R.D. 278 282 (D. Del. 1979); *accord North Am. Comms., Inc. v. InfoPoint Solutions,* Civ. No. 3:08-288, 2011 WL 4571727 at *4 (W.D. Pa. July 13, 2011) ("The rationale for staying discovery which has not yet begun [is] for the purposes of avoiding undue cost and waste of time and effort, and recognizing the possibility that the pending Motion to Dismiss could potentially dispose of this case"). "Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, precedent and the balance of the parties' interests generally favors granting a motion to stay." *Weisman v. Mediq, Inc,* Civ. No. 95-1831, 1995 WL 273678 at *2 (E.D. Pa. May 3, 1995). Moreover, when deciding the issue of whether a stay of discovery should be granted while a motion to dismiss is pending, courts have concluded that "a stay is proper where the likelihood that such a motion may result in the narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th Street Baptist Church v. St. Peters Episcopal Church,* 190 F.R.D. 345, 349 (E.D. Pa. 2000) (citing *Weisman, supra).*

In this case, the likelihood that Defendants' Motions to Dismiss will narrow or eliminate the need for discovery outweighs any likely harm. Indeed, Plaintiff will suffer no prejudice by a simple delay of discovery while the Court determines the legal sufficiency of the

Amended Complaint. To the contrary, this approach will conserve the parties' and the Court's resources by allowing discovery to proceed – if at all – only with respect to claims determined to be legally-viable.

In stark contrast, Defendants will be substantially prejudiced if they are required to respond to Plaintiff's Discovery Requests. After anticipated motions practice, if ordered to respond to Plaintiff's Discovery Requests, Defendants would each need to scour 12 years of records to identify and provide all documents for every borrower to which a mortgage loan was extended and disability insurance was purchased. *See* Exh. A at p. 4, 7; Exh. B at p. 4, 7. These requests alone would likely require the review, redaction and production of thousands of loan files, which would expend large amounts of Defendants' time and resources, for claims that may be dismissed in their entirety. Such a burden in the earliest stages of this matter is not consistent with principles of economy and governing precedent.

A stay is particularly warranted here because Plaintiff's Discovery Requests prematurely and inappropriately seek identifying information and documents relating to all putative class members which, absent a showing of extraordinary need that is not present here, is not discoverable at this stage of this putative class action. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 n.20 (1978); *see also Gazzara v. Pulte Home Corp.*, No. 616-CV-657, 2016 WL 4529526, at *3 (M.D. Fla. Aug. 30, 2016) (citing *Oppenheimer* and stating: "the names and addresses of class members are ordinarily not discoverable at the precertification stage.").

In light of the above, the Court should stay discovery pending the outcome of Defendants' upcoming Motions to Dismiss. As those Motions could dispose of the entire action – or at the very least result in a substantial narrowing of the claims – they "should… be

6

resolved before discovery begins.'" *Levey v. Brownstone Inv. Group, LLC,* 590 Fed. Appx. 132, 137 (3d Cir. 2014).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court stay discovery pending resolution of the Defendants' upcoming Motions to Dismiss the Amended Complaint.

/s/ Joseph E. Culleiton
Joseph E. Culleiton (No. 83823)
JCulleiton@BlankRome.com
Matthew M. Maher (No. 203144)
MMaher@BlankRome.com
Blank Rome LLP
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Phone: 412.932.2803
Fax: 412.774.1828

*Attorneys for Defendant*
*Bayview Loan Servicing, LLC*


/s/ Courtney L. Yeakel
Martin C. Bryce, Jr. (No. 59409)
bryce@ballardspahr.com
Courtney L. Yeakel (No. 72139)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.665.8500
Fax: 215.864.8999

*Attorneys for Defendants CitiFinancial*
*Services, Inc., and American Health and*
*Life Insurance Company*

Dated: December 20, 2017

## CERTIFICATE OF SERVICE

I certify that on this date I caused copies of the foregoing papers to be served on all counsel of record via ECF transmission.

/s/ Joseph E. Culleiton
Joseph E. Culleiton

Dated: December 20, 2017